# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANDI ADRIANNA PEREZ,<br>Plaintiff,<br>v.<br>CITY OF FRESNO, et al.,<br>Defendants. | Case No. 1:26-cv-02608-JLT-SAB<br>ORDER APPROVING STIPULATION TO STAY THIS ACTION<br>(ECF No. 22) |

Before the Court is a stipulation from the parties seeking to stay this action pending the resolution of criminal proceedings against Plaintiff in California Superior Court, Fresno County.

**I.**

**BACKGROUND**

This is a § 1983 case with the underlying facts involving allegations of excessive force, assault, battery, negligence, false police reporting, retaliation, and harassment. (ECF No. 13.) Plaintiff was charged by the Fresno County District Attorney's Office with a misdemeanor violation of Penal Code section 148(a)(1) in Case No. M25911344, filed on August 15, 2025. The criminal case is set for pretrial conference on January 27, 2027. The state court has not set a trial date. The factual issues to be decided in the instant civil action—including whether Plaintiff resisted arrest and obstructed the officers' investigation during the May 23, 2025 incident, and/or whether Fresno police officers had probable cause to arrest Plaintiff for a crime—appear to be

substantially similar to fact issues that are to be decided in the underlying criminal case.

Plaintiff has requested a stay of proceedings while the criminal case is pending in order to protect his constitutional rights as it relates to the criminal action, and Defendants agree that such a stay is warranted under the circumstances, will conserve judicial resources, and will not prejudice any party. (ECF No. 22.)

**II.**

**LEGAL STANDARD**

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997), citing Landis v. North America Co., 299 U.S. 248, 254 (1936). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007). Instead, district courts should "balance the length of any stay against the strength of the justification given for it." Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000) (discussing that if a stay is especially long or its term is indefinite, a greater showing is required to justify it).

"The Constitution does not ordinarily require a stay of civil proceedings pending [the outcome] of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). Indeed, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Landis, 299 U.S. at 255. "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." Id. "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem to require such action.'" Id. (citations omitted).

In the context of a criminal defendant simultaneously involved in a related civil lawsuit with claims brought through § 1983, the Supreme Court has observed that where there are "related . . . rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood

of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393-94 (2007).

When determining whether a stay is appropriate, courts look to "the extent to which the defendant's [F]ifth [A]mendment rights are implicated." Keating, 45 F.3d at 324, citing Federal Sav. And Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989). Courts also consider (1) the interest of a plaintiff in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to a plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on the defendants; (3) the convenience of the Court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. Keating, 45 F.3d at 324-25.

## III.

## DISCUSSION AND ANALYSIS

Upon review of the stipulation, this appears to be a quintessential instance of staying a civil § 1983 proceeding because there are "related . . . rulings that will likely be made in a pending or anticipated criminal trial." Wallace, 549 U.S. at 393-94. Thus, the extent to which Plaintiff's Fifth Amendment rights are implicated cannot be overstated. See Keating, 45 F.3d at 324. Moreover, none of the factors outlined in Keating tend to weigh against a stay, in particular because Defendants have agreed to the stay. See id. Therefore, the Court finds it necessary to utilize the "common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace, 549 U.S. at 393-94.

Regarding timing, the parties suggest setting a status report deadline in six months, and following this, having the Court impose a status report schedule every three months until the criminal case against Plaintiff results in a final judgment by plea agreement or jury verdict. The Court agrees with this approach but will also direct the parties to notify the Court should a resolution of the criminal proceeding occur before a status report deadline.

/ / /

/ / /

/ / /

## IV.

## CONCLUSION AND ORDER

For the forgoing reasons, the stipulation to stay these proceedings is APPROVED. (ECF No. 22.) The Court HEREBY ORDERS this matter is STAYED pending the resolution of the criminal proceeding in California Superior Court, Fresno County.

The Court DIRECTS the parties to file a status report on or before **May 13, 2027**, indicating the status of the criminal proceeding, including whether a trial date has been set. Following this status report, the Court will consider whether to impose a recurring status report schedule. At any time should the criminal proceeding be resolved, the Court DIRECTS Plaintiff or Defendants to file a status report within seven (7) days notifying this Court.

IT IS SO ORDERED.

Dated: **November 13, 2026**

STANLEY A. BOONE
United States Magistrate Judge